IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>NUTRITION CORP, INC.<br><br>Debtor. | Chapter 7<br><br>Case No. 1:24-bk-01672 |
| In re:<br><br>NUTRITION CORP HOLDCO, INC.<br><br>Debtor. | Chapter 7<br><br>Case No. 1:24-bk-01673 |

**DEBTORS' MOTION TO VACATE DISMISSAL ORDERS AND REINSTATE CASES**

Debtors Nutrition Corp, Inc. and Nutrition Corp Holdco, Inc. (together, the "Debtor") file this motion ("Motion to Reinstate"), pursuant to Local Rules 1017-1 and 9024-1, Rule 9024 of the Federal Rules of Bankruptcy Procedure, and Rule 60 of the Federal Rules of Civil Procedure, respectfully requesting that the Court vacate the dismissal orders entered in the above-captioned cases on August 1, 2024 (Dkts. 19 and 13, respectively) (the "Dismissal Orders") and reinstate these chapter 7 cases, summarily and without need for a hearing, so the cases can proceed under the much-needed oversight of a bankruptcy trustee.

Good cause supports this request and the chapter 7 trustee appointed in this case does not oppose the relief sought in this Motion.

**FACTUAL BACKGROUND**

1. Prior to filing this case, the Debtor prepared and delivered organically-sourced, fresh meals to individual consumers nationwide. Unlike other meal kit delivery services which require cooking and cleaning, the Debtor's meals were delivered ready to eat. The Debtor's food

manufacturing facility was located in Moosic, Pennsylvania, and the Debtor was headquartered in Anaheim, California.

2. For a variety of reasons, the Debtor began facing financial difficulties, which culminated in the Debtor being unable to fund its operations without outside financing. The Debtor's prior board of directors was replaced with an independent director and the independent director retained a Chief Restructuring Officer ("CRO") to assist with the Debtor's restructuring efforts.

3. In the weeks before the bankruptcy filing, the Debtor and other parties in interest worked diligently to find a solution that would save the company. Unfortunately, the Debtor's cash position was such that before a solution was reached the Debtor was unable to fund payroll, forcing the Debtor to abruptly file these bankruptcy cases on July 8, 2024 (the "Petition Date").

4. Prior to the Petition Date, the Debtor used Quickbooks to manage its finances, including using Quickbooks to store all information about the Debtor's creditors, assets, liabilities and recent payments.

5. Shortly before the Petition Date, the Debtor's Quickbooks was shut down due to non-payment. When the Debtor filed the petitions, it anticipated that it would imminently regain access to Quickbooks and be able to file its creditor matrix, schedules and statement of financial affairs (collectively, "Matrix and Schedules") shortly after the Petition Date. Due to the Debtor's inability to fund operations, the nature of the Debtor's assets, and the need to immediately preserve those assets and maximize their value for the benefit of creditors, the Debtor could not wait 1-2 weeks to file its bankruptcy case while it resolved the Quickbooks issue.

6. As soon as a chapter 7 trustee was appointed, counsel for the Debtor contacted the chapter 7 trustee ("Trustee") to provide background on the case, explain why the Matrix and

Schedules were not filed, explain what the Debtor was doing to get access to Quickbooks, and offer solutions to have the Matrix and Schedules prepared in a timely manner.

7. After negotiating with its senior secured lender, the Debtor was able to pay the Quickbooks balance and regain access to Quickbooks on or around July 22, 2024. At that time, the Debtor anticipated having the Matrix and Schedules on file by no later than July 31, 2024, and on July 23, 2024 the Debtor filed motions requesting an extension of time until July 31, 2024 to file the Matrix and Schedules (Dkts. 10 & 10, respectively). The Trustee did not object to the extension requested by the Debtor.

8. Unfortunately, shortly after Quickbooks was paid and turned back on, the CRO and his team realized they only had limited access to Quickbooks and did not have access to most of the information needed to complete the Matrix and Schedules. The only person with the necessary Quickbooks administrative access is one of the Debtor's co-founders who is also a former executive who resigned from the Debtor on the eve of the bankruptcy filing. The CRO contacted that former executive to get full administrative access to Quickbooks so he and his team could prepare the Matrix and Schedules. Unfortunately, the former executive was (and continues to be) less than fully cooperative. After repeated requests for access, the former executive eventually gave the CRO just enough access to run the reporting necessary for the Matrix and Schedules. He still has not provided the CRO or the Trustee with full administrative access to Quickbooks.

9. Counsel for the Debtor has been in regular communication with the Trustee about progress in getting Quickbooks access to prepare the Matrix and Schedules. On July 31, 2024, counsel for the Debtor spoke with the Trustee to let her know that the creditor matrix would be filed in the next day or so and advise that the Debtor would need some additional time to prepare and file schedules in light of the circumstances. The Trustee did not oppose a limited additional

3
Case 1:24-bk-01673-HWV    Doc 16    Filed 08/02/24    Entered 08/02/24 14:45:36    Desc
Main Document    Page 3 of 10

extension. However, the Dismissal Orders were entered before the Debtor filed its motion for a limited additional extension of time to file the Matrix and Schedules.

10. On August 1, 2024, the Debtor filed the creditor matrix, which includes more than 4,000 creditors (Dkts. 21 & 14, respectively). The Debtor is in the process of preparing the schedules and statement of financial affairs and expects those to be ready for filing on or before August 9, 2024.

## **LAW AND ARGUMENT**

11. Local Rule 1017-1 provides that a motion to reinstate a dismissed case must be in writing and that the Court may grant a motion to reinstate summarily, without a hearing. Local Rule 1017-1(a) & (b).

12. In addition, Rule 9024 of the Federal Rules of Bankruptcy Procedure provides that Rule 60 of the Federal Rules of Civil Procedure applies in bankruptcy cases. Rule 60 of the Federal Rules of Civil Procedure provides that a court may vacate an order for any reason that justifies relief. Fed. R. Bankr. Pro. 9024; Fed. R. Civ. P. 60(b)(6); *see also* Local Rule 9024-1.

13. Here, good cause supports the Debtor's request that the Court reinstate these bankruptcy cases and vacate the Dismissal Orders.

14. First, the facts and circumstances weigh in favor of vacating the Dismissal Orders and reinstating these bankruptcy cases. The Debtor could not prepare the Matrix and Schedules without access to Quickbooks. Unfortunately, as detailed above, the Debtor had significant difficulty and delay getting the necessary access to Quickbooks. The Debtor now has access and can move forward, as demonstrated by the Debtor having already filed the creditor matrix.

15. Second, judicial economy and administrative convenience weigh in favor of vacating the Dismissal Orders and reinstating the cases. The Debtor has already filed the creditor

4
Case 1:24-bk-01673-HWV    Doc 16    Filed 08/02/24    Entered 08/02/24 14:45:36    Desc
Main Document    Page 4 of 10

matrix and will file the schedules and statement of financial affairs soon. If the Dismissal Orders are not vacated, the Debtor will need to file new bankruptcy cases, putting additional administrative burden on the Clerk's office and the Court and potentially creating confusion among creditors if there are two different sets of cases with the same debtors. There is also a risk that a different chapter 7 trustee will be appointed if the cases are refiled. This is a complicated case and the current Trustee has already spent a month learning about the case and getting familiar with the parties involved. It is in the best interest of all parties involved if the case is allowed to continue with the current Trustee.

16.     Third, the Debtor has consulted with the Trustee about the relief the Debtor is requesting in this Motion and the Trustee does not oppose the requested relief, including the proposed deadline of August 9, 2024 for the Debtor to file the schedules and statement of financial affairs. The Trustee has also indicated she is not opposed to adjourning or rescheduling the 341 meeting depending on when the schedules and statement of financial affairs are filed.

17.     Finally, no creditors will be prejudiced if the Dismissal Orders are vacated and the cases are reinstated. The Dismissal Orders were entered only yesterday, so no significant time has passed during which the cases have been dismissed. Also, because the creditor matrix was not filed until after the Dismissal Orders were entered, no creditors have yet received notice of these cases or the dismissal of these cases. Now that the creditor matrix has been filed, all creditors will be able to receive proper notice that the cases were filed and notice of the Matrix and Schedules.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order, in the form attached hereto as **Exhibit A**, (i) vacating the Dismissal Orders, (ii) reinstating these cases summarily without need for a hearing, (iii) extending the Debtor's deadline for filing the schedules

and statement of financial affairs until August 9, 2024, and (iv) granting such other and further relief as this Court deems just and proper.

Dated: August 2, 2024

                                                  **BAKER & HOSTETLER LLP**

By: */s/ Robert E. Bittner*
Robert E. Bittner (No. 78480)
1735 Market Street, Suite 3300
Philadelphia, PA 19103
Telephone: 215.568.3100
Email: rbittner@bakerlaw.com

*Counsel for Debtor*

# EXHIBIT A

**PROPOSED ORDER**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>NUTRITION CORP, INC.<br><br>Debtor. | Chapter 7<br><br>Case No. 1:24-bk-01672 |
| In re:<br><br>NUTRITION CORP HOLDCO, INC.<br><br>Debtor. | Chapter 7<br><br>Case No. 1:24-bk-01673 |

## ORDER GRANTING DEBTORS' MOTION TO VACATE DISMISSAL ORDERS AND REINSTATE CASES

Upon consideration of the *Debtors' Motion to Vacate Dismissal Orders and Reinstate Cases* (the "Motion to Reinstate")[1] filed by the above-captioned debtors (together, "Debtors"); and the Court having found that it has jurisdiction over this matter; and the Court having found that this is a core proceeding; and the Court having found that venue of this proceeding in this district is proper; and the Debtors having provided appropriate notice of the Motion to Reinstate; and the Court having reviewed the Motion to Reinstate and considered that the Trustee does not oppose the relief sought in the Motion to Reinstate; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion to Reinstate is GRANTED in its entirety.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion to Reinstate.

2. The above-captioned cases are reinstated and the Dismissal Orders are vacated *nunc pro tunc* to July 31, 2024. The above-captioned cases are deemed to have continued without interruption, including without interruption to the automatic stay imposed by the filing of these cases.

3. The Debtors' deadline for filing their schedules and statement of financial affairs is extended to August 9, 2024.

4. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

9
Case 1:24-bk-01673-HWV    Doc 16    Filed 08/02/24    Entered 08/02/24 14:45:36    Desc
Main Document    Page 9 of 10

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 2, 2024, the foregoing was served via the Court's CM/ECF system to the parties on the Court's electronic mail notice list as of the date hereof.

*/s/ Robert E. Bittner*
Robert E. Bittner (No. 78480)
1735 Market Street, Suite 3300
Philadelphia, PA 19103
Telephone: 215.568.3100
Email: rbittner@bakerlaw.com
*Counsel for Debtor*